**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JUANA DOE I et al., | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | C.A. No. 17-1494-VAC-SRF |
| IFC ASSET MANAGEMENT COMPANY, LLC, | § § § | |
| Defendant. | § § | |

## REPLY IN SUPPORT OF DEFENDANT'S MOTION TO EXTEND TIME

1.   Plaintiffs argue that IFC-AMC's immunity will need to be litigated as part of a transfer motion. D.I. 19 at 2-4.[1] Plaintiffs are wrong. This Court has the authority to stay briefing in this matter—including briefing on IFC-AMC's immunity under the International Organizations Immunities Act ("IOIA"), 22 U.S.C. § 288a(b)—pending resolution of the forthcoming motion to transfer. *See In re: Howmedica Osteonics Corp*, 867 F.3d 390, 404 n.8 (3d Cir. 2017) ("[A]ssuming the court intends to handle the § 1404(a) transfer issues first, the court should suspend concerns about other threshold issues such as subject-matter jurisdiction, personal jurisdiction, improper venue, or misjoinder, as it has discretion to address convenience-based venue issues first . . . ."); *In re LimitNone, LLC*, 551 F.3d 572, 576-78 (7th Cir. 2008) ("[T]he indeterminacy of subject-matter jurisdiction is not, standing alone, a bar to consideration of venue.").

---

[1] All capitalized terms have the same meaning ascribed to them in IFC-AMC's Motion to Extend Time. D.I. 17.

4. To resolve IFC-AMC's motion to transfer, this Court will consider whether "venue would have been proper [in the District Court for the District of Columbia] and if that district court could have exercised personal and subject matter jurisdiction over this action." *Blackbird Tech LLC v. Cloudflare, Inc.*, No. 17-283, 2017 WL 4543783, at *3 (D. Del. Oct. 11, 2017) (quoting *Smart Audio Techs., LLC v. Apple, Inc.*, 910 F. Supp. 2d 718, 728 (D. Del. 2012)). Subject matter jurisdiction would exist in the District Court for the District of Columbia because there is complete diversity between the parties. D.I. 1 ¶ 42.

5. Beyond finding that subject matter jurisdiction would exist in the District Court for the District of Columbia, this Court would not need to resolve additional challenges to subject matter jurisdiction before ordering transfer under § 1404(a). *See Duong v. ITT Educ. Servs., Inc.*, No. 14-2653, 2014 WL 3772829, at *5 (N.D. Cal. July 31, 2014) (granting motion to transfer where defendant had moved to remand case to state court because of lack of complete diversity); *Aftab v. Gonzalez*, 597 F. Supp. 2d 76, 79 (D.D.C. 2009) (granting motion to transfer where defendant had moved to dismiss for lack of subject matter jurisdiction).

6. In addition, this Court has the discretion to grant IFC-AMC's alternative request for briefing immunities before other bases for a Rule 12 motion. D.I. 17 at 3. Plaintiffs argue that IFC-AMC's alternative request is "expressly foreclosed by Rule 12(g)(2)," even though this same approach "made sense" when this case was pending in the District Court for the District of Columbia. D.I. 19 at 4-5. Plaintiffs are unable to explain why a briefing schedule that was permissible in the District of Columbia is now impermissible in Delaware (other than the fact that Plaintiffs are no longer in favor of the proposal). In any event, none of the authorities Plaintiffs have cited suggest that this Court lacks the discretion to structure the briefing on a motion to dismiss

under Rule 12—particularly when the immunities issue is potentially dispositive and likely appealable by either side under the collateral order doctrine. *See Nyambal v. Int'l Monetary Fund*, 772 F.3d 277, 280 (D.C. Cir. 2014); *OSS Nokalva, Inc. v. European Space Agency*, 617 F.3d 756, 761 (3d Cir. 2010).

|  |  |
|---|---|
| OF COUNSEL: | */s/ Travis S. Hunter* |
|  | Susan M. Hannigan (#5342) |
|  | Travis S. Hunter (#5350) |
| Jeffrey T. Green | Richards, Layton & Finger, P.A. |
| Matthew J. Letten | One Rodney Square |
| Sidley Austin LLP | 920 N. King Street |
| 1501 K Street, N.W. | Wilmington, Delaware  19801 |
| Washington, D.C., 20005 | (302) 651-7700 |
| jgreen@sidley.com | hannigan@rlf.com |
| mletten@sidley.com | hunter@rlf.com |
|  |  |
|  | *Attorneys for Defendant* |
|  | *IFC Asset Management Company, LLC* |

Dated: November 27, 2017