IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JUANA DOE I et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>INTERNATIONAL FINANCE CORPORATION, and IFC ASSET MANAGEMENT COMPANY, LLC,<br><br>Defendants. | C.A. No. 17-1494-JFB-SRF |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND DIRECTING CLASS NOTICE**

Plaintiffs Juan Doe XIII (individually and on behalf of all other similarly situated current and former residents of the community of Panamá, Honduras, known as the "Panamá Class"), Juan Doe XVII (individually and on behalf of all other similarly situated members of farmers' cooperatives in the Bajo Aguán valley of Honduras, known as the "Farmers' Cooperative Class"), Juana Doe I, Juana Doe II, Juana Doe III, Juana Doe IV, Juana Doe V, Juan Doe VI, Juana Doe VI, Juan Doe VII, Juan Doe VIII, Juan Doe IX, (individually and on behalf of his minor daughter, Juana Doe VII), Juan Doe X, Juan Doe XII, and Juan Doe XVI (collectively, "Plaintiffs"), and Defendant International Finance Corporation on its own behalf and as successor to Defendant IFC Asset Management Company LLC ("Defendants"), have entered into a Settlement Agreement on November 29, 2023, which sets forth the terms and conditions for a proposed settlement of this action

1

and for its dismissal with prejudice upon the terms and conditions set forth therein. The Settlement Agreement includes a class settlement agreement and release resolving the claims of two proposed Settlement Classes (the "Settlement").

Before the Court is the Class Representatives' unopposed motion for an order (i) preliminarily approving the Settlement under Federal Rule of Civil Procedure 23, (ii) finding that the Court will likely be able to certify the Settlement Classes after the Final Approval Hearing, and (iii) directing notice as set forth herein.

The Court is familiar with and has reviewed the Settlement Agreement, Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and supporting evidence, the arguments in support thereof, and the supporting Exhibits including the proposed forms of class notice and other exhibits thereto, and has found good cause for entering this Order. The Court hereby ORDERS as follows:

1. The Motion is GRANTED.

2. The Court hereby preliminarily approves the Settlement and the terms embodied therein as fair, reasonable, and adequate and in the best interest of Plaintiffs and the other Settlement Class Members, subject to further consideration at the Final Approval Hearing to be conducted as described below. The Court authorizes the proposed Class Representatives (John Doe XVII on behalf of the Farmers' Cooperative Class and John Doe XIII on behalf of the Panamá Class) to provide notice to Settlement Class Members pursuant to Fed. R. Civ. P. 23(e)(1).

3. More specifically, the Court finds that it will likely be able to approve the Settlement under Fed. R. Civ. P. 23(e)(2). The Court further finds that it will likely be able to certify the Classes under Fed. R. Civ. P. 23(a) and (b)(2) and/or (3).

4. The Court finds that Rule 23(e)(2)(A) is likely satisfied because the Class Representatives and Class Counsel have adequately represented, and will continue to adequately represent, the Classes.

5. The Court finds that Rule 23(e)(2)(B) is likely satisfied because the Settlement appears to be the product of non-collusive, arm's length negotiations between the Parties, through experienced attorneys who were well informed of the strengths and weaknesses of this action, including through motion practice, over the course of almost four years and including two full-day mediations sessions before Hon. Magistrate Judge Jennifer L. Hall.

6. The Court finds that Rule 23(e)(2)(C) is likely satisfied. The Settlement provides a settlement fund of $3,635,000 ($4.255 million minus $100,000 in awards to the class representatives and $520,000 in reasonable attorneys' fees and costs) plus up to $200,000 to pay for the costs of notifying class members. The Court preliminarily finds that the Settlement confers substantial benefits upon the Settlement Classes and the relief provided is fair, reasonable, and adequate taking into account, the factors set forth in Rule 23(e)(2)(C).

First, the costs, risks, and delay associated with continued litigation are considerable: this case is at the motion to dismiss stage in which Defendants' claim to immunity from suit is a central issue, and no matter who prevails in this Court,

there will likely be an appeal of an immunity ruling before the case can proceed. Without prejudging the issues, the Court notes that Defendants have raised legal arguments that, if accepted, would leave Plaintiffs with nothing; and there are always risks at trial. The Settlement compares favorably with the potential recovery when balanced against the risks of continued prosecution of the claims in this action.

Second, the proposed method of distributing relief to the Classes is likely to be effective. The fund will create much needed social programs primarily for the benefit of Class Members, many of whom are elderly, destitute, or both.

Third, the Court preliminarily finds Class Counsel's request for attorneys' fees and expenses to be reasonable and fair. Such fees are generally calculated as a percentage of the fund benefiting the class. The proposed fee to recovery ratio of 12.22% of the class award is reasonable and fair in light of the skill and efficiency of the attorneys involved, the complexity and duration of the litigation, the amount of time invested by Class Counsel (including in relation to the "lodestar" value of such time), and the much higher awards in similar cases. The Court additionally notes that the fee award was negotiated only after agreement on the total settlement value, leaving no concern for collusion.

7. The Court finds that Rule 23(e)(2)(D) is likely satisfied. The Court preliminarily finds that the Settlement treats the Class Members equitably relative to each other, the members of the other Class, and the Individual Plaintiffs. The

4

Settlement does not grant preferential treatment to Plaintiffs, their counsel, or any subgroup of the Settlement Classes.

8. The Court finds upon preliminary evaluation that the Court will likely be able to certify the following proposed Classes for purposes of Settlement. For these purposes, the Panamá Class is defined as:

> All individuals who resided in the Community of Panamá located in the Bajo Aguán valley of Honduras from November 5, 2009, through October 24, 2017.

For these purposes, the Farmers' Cooperative Class is defined as:

> All individual persons residing in the Bajo Aguán who were members of farmers' cooperatives in Honduras, from 1992 to the present, and whose land was at any point acquired or used for economic activity by Corporacion Dinant S.A. de C.V. or any of its subsidiaries (collectively, "Dinant"), including but not limited to the palm oil plantations of 9 de Agosto, Concepción, Isla 1, Isla 2, Marañones, Lempira, Occidental, Paso Aguán, Laureles, San Isidro, Aurora, Confianza, Camarones, Chile, Tranvio, Brisas del Aguán, Panamá, Plantel, and Tumbador; to include members of cooperatives who have since re-acquired this land after its acquisition or use by Dinant.

9. The Court preliminarily finds that each Class, as defined above, meets the requirements for class certification under Fed. R. Civ. P. 23. The Court preliminarily finds that both Classes satisfy Rule 23(a) because (1) the Class members are sufficiently numerous such that joinder is impracticable in that each class consists of roughly 1,000 people; (2) there are common questions of law and fact, including in particular Defendants' conduct as to all Class Members and whether Class Members were harmed due to that conduct, which predominate over the individualized evidence needed to make out common claims or establish damages; (3) the Class Representatives' claims are typical of those of the members

of their respective Classes in that each claim arises from Defendants' common conduct; and (4) the Class Representatives and Class Counsel's interests align with those of other Class Members, and they have adequately represented, and will continue to adequately represent, the interests of the Class Members. The Court also preliminarily finds that the Panamá Class meets the predominance and superiority requirements of Fed. R. Civ. P. 23(b)(3). The Court further finds that the Farmers' Cooperative Class meets the requirements of a Rule 23(b)(1)(B) limited fund non-opt out class [ALTERNATIVELY: meets the predominance and superiority requirements of Fed. R. Civ. P. 23(b)(3)].

10. The Court preliminarily appoints John Doe XVII as Class Representative for the Farmers' Cooperative Class and John Doe XIII as Class Representative for the Panamá Class.

11. The Court preliminarily finds EarthRights International (EarthRights) is experienced in prosecuting complex human rights actions and operating in the difficult environment presented in the Bajo Aguán Valley of Honduras, and appoints EarthRights as Class Counsel for the Classes and as Settlement Administrator and directs it to carry out the Notice program and all duties and responsibilities of the Settlement Administrator as specified in the Settlement and herein.

12. The Court grants the unopposed motion to continue to protect the identities of the Individual Plaintiffs, Class Representatives and Class Members. The Court finds that identifying such persons could still subject them to risk of

reprisal in Honduras. Accordingly, the names, addresses, telephone numbers, email addresses, other contact information and other identifying information for all such persons shall be kept strictly confidential by all parties, and shall not be filed on the public docket.

13. The Court approves the proposed notice program set forth as Exhibit C to the Settlement Agreement, including the form and content of the proposed forms of class notice attached as Appendix 1 and 2 to Exhibit C to the Settlement Agreement and the proposed procedures for Class Members to exclude themselves from the Class or object. The proposed notice plan includes direct notice to Class Members starting no later than 30 days from the entry of this order through hand delivery of the detailed long-form notice where security conditions allow, radio announcements fourteen times per week for 30 days on two national Honduran radio stations and one regional radio station with significant listenership, the provision of a telephone number where Class Members can ask questions and get additional information, and access upon request to a password-protected website housing the Settlement Agreement in full, notice forms, and other relevant documents, including Spanish language translations.

The Court further finds that the proposed form and content of the notices are adequate and will apprise Settlement Class Members of: the pendency of the Action; the effect of the proposed Settlement (including on the Released Claims); the anticipated motion for attorneys' fees, reimbursement of litigation expenses, and recognition awards; and their rights to participate in, opt-out of, or object to any

7

aspect of the proposed Settlement. It will also provide Class Members sufficient information to enable them to make informed decisions as to the Settlement, including whether to object or opt out, (if applicable). The Court finds that the notice clearly and concisely states in plain, easily understood language, inter alia: (a) the nature of this case; (b) the definition of the Classes; (c) the class claims and issues; (d) that a Class Member may appear through an attorney if the Member so desires; (e) that the Court will exclude from the Class any Member who timely and validly requests exclusion (where applicable); (f) the time and manner for requesting exclusion; and (g) the binding effect of a class judgment on Class Members under Rule 23(c)(3). The Court further finds that the plan meets the requirements of due process under the U.S. Constitution and Rule 23; and that such notice program is the best notice practicable under the circumstances given the difficulty of reaching economically disadvantaged villagers in the Bajo Aguán, and shall constitute due and sufficient notice to all persons entitled thereto. The date and time of the Final Approval Hearing shall be included in the Notice before dissemination.

14. The Court directs the Settlement Administrator and the Parties to implement the notice program as set forth in Exhibit C to the Settlement Agreement. Reasonable expenses incurred in notifying Settlement Class Members, shall be paid as set forth in the Settlement Agreement.

15. In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, Defendants shall work with the Settlement Administrator (at their own cost)

to promptly provide written notice of the proposed Settlement to the appropriate authorities.

16. Starting no later than 30 days and completed no later than 60 days following entry of this Order (the "Notice Deadline"), the Settlement Administrator shall deliver direct notice to the Class Members, in conformance with the terms of the Settlement and substantially in the forms attached as Appendix 1 and 2 to Exhibit C to the Settlement Agreement, through hand-delivery and radio announcements as described above. The Settlement Administrator shall use reasonable efforts to locate all Class Members for hand delivery of notice where security conditions allow.

17. The Settlement Administrator shall maintain a password-protected settlement website—which shall include the Settlement Agreement in full (including translation into Spanish) as well as the notice forms attached as Appendix 1 and 2 to Exhibit C to the Settlement Agreement—and a phone number that can be freely accessed through the communication application WhatsApp that Class Members can contact for additional information. The Settlement website shall be made accessible to any Class Member upon request after the confirmation of their membership in at least one of the Classes.

Substantially contemporaneously with the Notice Deadline, the Settlement Administrator shall cause a PDF version of the Notice, the Settlement Agreement, and the Motion for Preliminary Approval and supporting documents to be posted on the Settlement website, including Spanish language translations. The

9

Administrator shall cause other documents ultimately filed in support of Final Approval, to be posted on the password-protected website substantially contemporaneously with the filing of those documents with the Court, as well as Spanish language translations of such documents as soon as practicable.

18. No later than 14 days before the final approval hearing, Class Counsel shall file a declaration confirming that the notice program has been implemented in accordance with the Settlement and this Order (including CAFA notice) and providing a final list of persons who submitted timely and valid requests for exclusion from the Class.

19. Any person who would otherwise be a member of the Panamá Class [ALTERNATIVELY: a Settlement Class] who wishes to be excluded/opt-out from that Class may exclude themselves by contacting the provided phone number within thirty (30) days of the notice deadline (the "Notice Response Deadline") to request the collection of their completed and signed request for exclusion. The Settlement Administrator, through a trustworthy Honduran law firm, shall confirm the requester's membership in the Class upon collection of the completed and signed opt-out form. All persons who submit valid and timely notifications of exclusion/opt-out in the manner set forth in this paragraph shall have no rights under the Settlement Agreement, shall not share in the relief provided by the Settlement, and shall not be bound by the Settlement Agreement or any Orders or final judgment of the Court.

To be effective, the request for exclusion must be timely and include: the case name and/or number; the full name, address, and telephone number, of the individual requesting to be excluded; a statement indicating that they are a Member of the Settlement Class and wish to opt-out of the Settlement; the Member's signature; and the name, address, position, and signature of the individual (if any) who is acting on behalf of the individual. Mass or class opt-outs shall be void. Any Class Member who does not opt out of the Class in the manner described in this paragraph shall be deemed to have waived his or her right to be excluded/opt-out from the Settlement Class, and shall be deemed to be part of the Class upon expiration of the opt-out deadline.

If the Court approves the Settlement, any such person who does not opt out shall forever be barred from requesting exclusion/opt-out from the Panamá Class [ALTERNATIVELY: Settlement Class] in this or any other proceeding, and shall be bound by the Settlement and the judgment, including the release of the Released Claims provided for in the Settlement Agreement and in the Final Approval Order and Judgment of Dismissal. The Settlement Administrator/Class Counsel shall provide copies of all timely and valid requests for exclusion to Defendants' counsel. The names, addresses and other identifying information of all persons who opt out shall be kept strictly confidential to protect their safety.

Because the Farmers' Cooperative Class is not an opt-out class, all members shall be barred from requesting exclusion/opt-out in this or any other proceeding, and shall be bound by the Settlement and the judgment, including the release of the

11

Released Claims provided for in the Settlement Agreement and in the Final Approval Order and Judgment of Dismissal. [ALTERNATIVELY: omit entirely]

20. Any Class Member that does not submit a timely and valid request for exclusion shall have the right to object to the proposed Settlement and/or to Class Counsel's motion for attorneys' fees and expenses, or John Doe XVII's and John Doe XIII's request for recognition awards.

For an objection to be considered valid, the objecting Class Member must do one of the following:

1) Within 60 days following the Notice Deadline, directly file an objection with the Court; or

2) By the Notice Response Deadline, contact the phone number provided on the notice form to request the collection of their written objection. The Administrator, through the Honduran law firm, shall confirm the objector's membership to the Class upon collection of the written objection. No later than 60 days following the Notice Deadline, Class Counsel will file any objections so collected with the Court, and provide copies to Defendants, including any related correspondence. Only a redacted version, with the objector's name, address, telephone number and other identifying information redacted, shall be filed on the public docket. Defendants shall keep all such redacted information strictly confidential.

For an objection to be considered by the Court, the objection must set forth the following: (a) the name of and/or case number for the action; (b) the objector's

full name, address, and telephone number; (c) an explanation of the basis upon which the objector claims to be a Class Member; (d) whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class, and all grounds for the objection, including any legal or factual support for the objection and copies of any papers, exhibits or other evidence that the objecting Class Member will present to the Court in connection with the final approval hearing; (e) the name of all counsel, if any, for the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection; (g) the case name and civil action number of any case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that the objector files the objection, and a copy of any orders related to or ruling upon counsel's or the firm's prior such objections that were issued by the trial and appellate courts in each listed case; (h) any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity; (i) a statement as to whether the objector intends to appear at the Final Approval Hearing on their own behalf or through counsel; (j) at least four dates that the objector will be available to be deposed before the Final Approval Hearing by Class Counsel and Defendant's counsel and the location where the objector will be available; (k) if the objector is represented by an attorney who intends to seek fees and expenses from anyone other than the objectors he or she represents, the objection should also include a description of the attorney's legal background and

prior experience in connection with class action litigation; the amount of fees sought by the attorney for representing the objector and the factual and legal basis for the fees being sought; a statement regarding whether the fees being sought are calculated on the basis of a lodestar, contingency, or other method; the number of hours already spent by the attorney and an estimate of the hours to be spent in the future; and the attorney's hourly rate; and (l) the objector's signature (an attorney's signature is not sufficient).

By objecting, or otherwise requesting to be heard at the Final Approval Hearing, a person shall be deemed to have submitted to the jurisdiction of the Court with respect to the objection or request to be heard and the subject matter of the Settlement, including but not limited to enforcement of the terms of the Settlement.

21. Any Class Member who does not object in the time and manner provided for herein shall be deemed to have waived such objection, and shall not be permitted to object, at the Final Approval Hearing or otherwise, to the terms, fairness, reasonableness, adequacy, approval, or entry of the Settlement, the Final Approval Order and Judgment of Dismissal, Class Counsel's motion for attorneys' fees, costs and expenses, and/or John Doe XVII's and John Doe XIII's motions for recognition awards. Any Class Member that objects to the Settlement shall nevertheless be entitled to all benefits of the Settlement if it is approved and becomes final.

23. The Court will hold a Final Approval Hearing on _____, 2023 at \_\_\_\_\_ in courtroom _____, at the United States District Court for the District of

14

_____. At the Final Approval Hearing, the Court will, among other things: (a) finally determine whether the proposed Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Classes; (b) finally determine whether to certify the Classes for purposes of settlement; (c) finally determine whether judgment should be entered pursuant to the Settlement, dismissing this action with prejudice and releasing all released claims; (d) rule on Class Counsel's motion for attorneys' fees and expenses, John Doe XVII's motion for a recognition award for the work and risk he undertook on behalf of the Farmers' Cooperative Class; and John Doe XIII's motion for a recognition award for the work and risk he undertook on behalf of the Panamá Class; (e) consider any properly filed objections; and (f) consider any other matters necessary in connection with the final approval of the Settlement.

24. No later than 35 prior to the Final Approval Hearing, Plaintiffs and Class Counsel shall file their motion for final approval of the Settlement, motion for attorneys' fees and expenses, and John Doe XVII's and John XIII's motions for recognition awards.

25. By no later than 14 days before the Final Approval Hearing, the Parties shall file any responses to any Class Member objections and any replies in support of final settlement approval and/or in support of Class Counsel's motion for attorneys' fees and expenses, and John Doe XVII's and John Doe XIII's motions for recognition awards.

15

26. The Court may, in its discretion, modify the date and/or time of the Final Approval Hearing, and may order that this hearing be held remotely or telephonically. If the Court changes the date, time, and/or the format of the Final Approval Hearing, the Plaintiffs shall ensure that the Class Members are notified by announcing changes on the Settlement website, and that any Class Members who have submitted timely and valid objections are directly notified by telephone.

27. Class Members who have submitted timely and valid objections, in accordance with the requirements of this Order, may be heard at the Final Approval Hearing on the substance of their objection to the proposed Settlement, or to why judgment should be entered, or to any application for attorneys' fees, litigation expenses, or recognition awards. Such objector need not appear. If they choose to, they may do so either in person or through an attorney hired at their own expense. Any objector who wishes to be heard orally must indicate in their written objection their intention to appear at the Final Approval Hearing. Any objector who wishes to present evidence must include in their written objection(s) the identity of any witness(es) they may call to testify and copies of any exhibit(s) they intend to offer at the hearing. Counsel for any objector must enter a Notice of Appearance no later than 14 days before the Final Approval Hearing.

28. No person shall be heard or entitled to contest the approval of the Settlement or, if approved, the judgment to be entered approving the Settlement, any award of attorneys' fees, reimbursement of litigation expenses or recognition

awards, unless that person filed an objection in the time and manner set forth above.

29. If the Settlement, including any amendment made in accordance therewith or the Final Approval Order and Judgment of Dismissal, is not approved by the Court, is reversed or vacated on appeal or shall not become effective in accordance with its terms for any reason, the Settlement and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein), shall be terminated and shall become null and void and of no further force and effect except for: (a) any obligations to pay for any expense incurred in connection with notice and administration as set forth in the Settlement Agreement, and (b) any other obligations or provisions that are expressly designated in the Settlement Agreement to survive the termination of the Settlement. In the event of a termination, paragraph 116 of the Settlement Agreement shall apply, and the Parties shall return to their positions without any prejudice, as provided for in the Settlement Agreement.

30. Other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, all proceedings in this action are hereby stayed and suspended until further order of this Court.

31. The Parties are directed to take all necessary and appropriate steps to establish the means necessary to implement the Settlement according to its terms should it be finally approved.

32. The Court may, for good cause, extend any of the deadlines set forth in this Order or in the Settlement Agreement without further notice to Class Members. Without further order of the Court, the Parties may agree to make non-material modifications in implementing the Settlement that are not inconsistent with this Order, including non-material modifications to the exhibits to the Settlement Agreement.

33. The fact and terms of this Order or the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Order or the Settlement, and any act performed or document signed in connection with this Order or the Settlement, shall not, in this or any other Court, administrative agency, arbitration forum, or other tribunal, constitute an admission, or evidence, or be deemed to create any inference (i) of any acts of wrongdoing or lack of wrongdoing, (ii) of any liability on the part of Defendants to Plaintiffs, the Settlement Classes, or anyone else, (iii) of any deficiency of any claim or defense that has been or could have been asserted in this Action, (iv) of any damages or absence of damages suffered by Plaintiffs, the Settlement Classes, or anyone else, or (v) that any benefits obtained by the Settlement Classes under the Settlement represent the amount that could or would have been recovered from Defendant in this Action if it were not settled at this time.

34. No Party or counsel to a Party in this Litigation shall have any liability to any Settlement Class Member for any action taken substantially in accordance with the terms of this Order.

35. The following summarizes the dates and deadlines set by this Order:

Entry of this Preliminary Approval Order ("Preliminary Approval Date")

_____

Class Action Fairness Act notice to state and federal officials, under 28 U.S.C. § 1715:

_____ [within 10 days of filing the motion for preliminary settlement approval]

Deadline for personal notice to identified Class Members to begin:

_____ [within 30 days of the Preliminary Approval Order]

Deadline for completion of notice:

_____ [within 60 days of the Preliminary Approval Order]

Notice response deadline, for requesting exclusion from the Settlement Classes and for notifying the Settlement Administrator of an objection to the Settlement or request for an award of attorneys' fees and expenses or recognition awards:

_____[within 90 days of the Preliminary Approval Order]

Deadline for filing objections with the Court:

_____[within 120 days of the Preliminary Approval Order]

Plaintiffs to move for (1) final approval of the settlement; (2) certification of the Settlement Classes; and (3) attorneys' fees, reimbursement of litigation expenses, and service awards

_____[35 days prior to the Final Approval Hearing]

Plaintiffs to file reply in support of motions for final approval of the settlement and for attorneys' fees, reimbursement of litigation expenses, and awards:

_____[7 calendar days prior to the Final Approval Hearing]

Final approval hearing:

    _____[at the Court's convenience, but no less than 150 calendar days after entry of the Preliminary Approval Order]

IT IS SO ORDERED, this the \_\_\_ day of _____, 2023.

                                                  Honorable Sherry R. Fallon
                                                United States Magistrate Judge
                                                U.S. District Court
                                                for the District of Delaware